Filed 6/10/26  P. v. Kawamoto CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARREN KIYOSHI KALANI KAWAMOTO,<br><br>    Defendant and Appellant. | F089252<br><br>(Super. Ct. No. 1253159)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Robert B. Westbrook, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., DeSantos, J. and Harrell, J.

# INTRODUCTION

Defendant Darren Kiyoshi Kalani Kawamoto (defendant) was previously sentenced to 36 years to life in prison for criminal threats and several enhancements, including two prior prison term enhancements under Penal Code section 667.5, subdivision (b).[1] Subsequently, defendant was resentenced under section 1172.75 after the trial court determined one of his prior prison term enhancements was no longer valid. The court struck the invalid prison term but did not otherwise reduce defendant's sentence.

Defendant appeals the trial court's resentencing order, claiming the court misunderstood the scope of its discretion when it resentenced him. Defendant contends the court limited resentencing to only striking the invalid enhancement and misused "dangerousness" and the public safety clause to avoid resentencing defendant. The People contend the court properly conducted a full resentencing and did not abuse its discretion when it declined to dismiss any additional enhancements or strike defendant's strikes. We conclude defendant fails to demonstrate the court misunderstood the scope of its discretion, or otherwise abused its discretion, and affirm the judgment.

## PROCEDURAL SUMMARY[2]

In 2009, a jury found defendant guilty of six counts of criminal threats (§ 422; counts I through VI) and that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)), a box cutter, in the commission of the offenses. In a bifurcated proceeding, defendant admitted he suffered five prior felony convictions (§ 667, subd. (d)), five prior serious felony convictions (§ 667, subd. (a)) and two prior felony convictions for which he served separate prison terms (§ 667.5, subd. (b)). One prior prison term was for burglary and the second included convictions involving sexual violence.

---

[1] Hereinafter, undesignated statutory references are to the Penal Code.

[2] The facts of the underlying offense are irrelevant to the resentencing issue raised by defendant and therefore, intentionally omitted.

2.

The trial court sentenced defendant to an aggregate term of 36 years to life consisting of 25 years to life on count II, one year for the use of a deadly weapon enhancement (§ 12022, subd. (b)) and five years on each of two prior serious felony enhancements (§ 667, subd. (a)(1)). The court imposed concurrent sentences on the remaining counts. Each concurrent term consisted of 25 years to life and five years on each of the two prior serious felonies (§ 667, subd. (a)(1)). The court stayed defendant's two prior prison term enhancements (§ 667.5, subd. (b)). Defendant appealed and this court affirmed the judgment. (*People v. Kawamoto* (Sept. 21, 2010, F058562) [nonpub. opn.].)[3]

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as an inmate serving a sentence on a now-invalid enhancement who was eligible for relief pursuant to section 1172.75. The trial court appointed counsel and a hearing was set.

Before the resentencing hearing, defendant filed a resentencing brief inviting the trial court to strike any invalid section 667.5, subdivision (b) enhancements, exercise its discretion under section 1385 to strike his prior serious felony enhancements under section 667, subdivision (a), exercise its discretion to strike his prior strike conviction enhancements under section 667, subdivision (b), and apply any recently enacted ameliorative sentencing laws. In support of his request, defendant asked the court to consider his "mitigating circumstances, postconviction factors, and evidence of changed circumstances" and attached documentary evidence to support his request.

The prosecution filed a response to defendant's sentencing brief opposing the dismissal of any additional enhancements or strikes beyond the one invalid prior prison term enhancement. The prosecution noted that defendant was only eligible for relief on

---

[3] On December 10, 2025, this court granted defendant's request for judicial notice of the unpublished opinion in his prior appeal.

one of his two prior prison terms since the second prior was based on a sexually violent offense and remained valid. The prosecution argued that defendant's long history of violence, rules violations while incarcerated, and the facts of the instant case warranted imposition of the enhancements and prior strike convictions because dismissal would endanger public safety, was not in the furtherance of justice, and defendant remained within the spirit of the "Three Strikes" law. The prosecution presented documentary evidence of defendant's rules violations while incarcerated as exhibits in support of its argument.

On August 16, 2024, the trial court held a resentencing hearing and took the matter under submission. On October 15, 2024, the court issued a written order recalling defendant's sentence, striking the burglary prior prison term but granting no further sentencing relief. On January 8, 2025, the court resentenced defendant consistent with its written order: the court struck one prior prison term enhancement but chose not to otherwise reduce his sentence. Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant claims the trial court misunderstood the scope of its sentencing discretion. He claims the court erroneously treated "dangerousness" and the public safety clause as a global veto and thereby failed to conduct a full resentencing as required under section 1172.75, subdivision (d)(1). The People disagree, contending the court conducted a full resentencing hearing in accordance with section 1172.75 and did not abuse its discretion when it denied dismissing any additional enhancement or strike convictions. We conclude defendant fails to demonstrate the court misunderstood the scope of its sentencing discretion or failed to conduct a full resentencing, or that it otherwise abused its discretion.

### A.    Relevant Factual and Procedural Background

At the resentencing hearing, the trial court indicated that it had received the parties' briefs and asked if either party had additional argument or evidence they wanted

4.

to present. Defendant's counsel briefly argued that the now-invalid section 667.5, subdivision (b) enhancement should be dismissed even though it was stayed; agreed that only one prison prior qualified for dismissal since the other prison prior involved sexual conduct and remained a valid enhancement; and that, regardless of the resentencing questions pending before the Supreme Court over whether resentencing under section 1172.75 is operative when there is a section 1170.126 proceeding, the court still had authority under *Romero*[4] and section 1385 to dismiss additional enhancements and prior strike convictions. Defense counsel also argued there needed to be clear and convincing evidence that a lesser sentence would endanger public safety.

The trial court issued a written order that began with defendant's procedural history, including an explanation of the court's ruling regarding his prior section 1170.126 motion. The court explained defendant was ineligible for relief and the section 1170.126 motion was summarily denied.

On the section 1172.75 motion, after agreeing that defendant's prior conviction for burglary was not statutorily disqualified for relief under section 1172.75, the trial court ordered defendant's sentence recalled and dismissed the burglary 667.5, subdivision (b) prison prior. It stated in its written order, "This order has no effect on the defendant's original sentence, therefore the [c]ourt need not consider whether dismissing this prior endangers public safety. This limited relief does, however, make him eligible for resentencing."

The trial court then addressed "reconsideration of all aspects of [defendant's] sentence," including application of ameliorative amendments to section 1170, subdivision (b). The court explained that because of defendant's eligibility for relief under Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, §§ 1, 3) (Senate Bill 483), he "is entitled to reconsideration of all aspects of his sentence, and the court

---

**4** *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

5.

should also exercise discretion whether to apply any ameliorative changes to the law since his initial sentencing." The court stated it did not need to address the prosecution's concern that Senate Bill 483 circumvents section 1172.75 because section 1172.75 did not apply to defendant. It explained that "[d]espite [the court's] evident discomfort vis-à-vis the procedural posture of this case, having determined that [defendant] is eligible for relief, it sets aside these misgivings and reaches its decision independent of these concerns."

The court commended defendant for his progress in programming, addressing substance abuse and mental health concerns, and high commendations for his performance and work ethic. However, the court stated the positive factors stood in contrast to defendant's rules violations, which were for fighting and possession of a dangerous weapon. Considering defendant's criminal history, which included convictions for crimes of violence, sexual violence, and threats of violence, his rules violations were "worrisome" and presented "significant concerns that [defendant] remains a continuing danger to public safety." The court found the violence contemplated in defendant's rules violations, together with defendant's "shifting and defecting statements relating to the weapons violation" demonstrated "clear and convincing [evidence] that further resentencing pursuant to [section ] 1172.75 would endanger public safety and would not further the interests of justice." It ruled as follows:

> "[Defendant's] request for relief pursuant to … section 1172.75 is
>
> GRANTED IN PART AND DENIED IN PART.
>
> "IT IS HEREBY ORDERED [defendant's] sentence is recalled. The … section 667.5 [subdivision] (b) [burglary] prior … [is] stricken as it is unlawfully imposed. No further resentencing relief is granted."

### B. Applicable Law and Standard of Review

"In 2012, voters enacted the Reform Act (Proposition 36), which amended state law to authorize indeterminate third strike life sentences only when the third felony

6.

conviction is 'serious or violent,' subject to enumerated disqualifying factors." (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 851; § 1170.12, subd. (c)(1), (2)(C).) Section 1170.126 established resentencing procedures for those defendants whose sentence would no longer have been an indeterminate life sentence. Upon receiving a petition to recall a defendant's sentence under section 1170.126, subdivision (b), courts determine whether a petitioner is eligible for resentencing. (§ 1170.126, subd. (f).) If a defendant is eligible, he or she "shall be resentenced … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd (f).)

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement (§ 667.5, subd. (b)) to prior terms for sexually violent offenses. In 2021, Senate Bill 483 made the changes implemented by Senate Bill No. 136 retroactive to final cases. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75 codified Senate Bill 483, stating that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).) It places the duty on CDCR to identify persons in its custody who are currently serving a prison term that includes a now-invalid section 667.5, subdivision (b) enhancement and notify the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) This notification vests the court with jurisdiction to "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a) … [and if so,] recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

"Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would

7.

endanger public safety." (§ 1172.75, subd. (d)(1).) Section 1172.75, subdivision (d)(2) directs the court to conduct a full resentencing if the underlying judgment includes a now-invalid prior prison term, regardless of whether the enhancement was executed or stayed, "and apply any other changes in the law." (See *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054, 1061–1062.)

In determining the sentence to impose, the court may consider postconviction factors, such as "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

A trial court's resentencing decision under section 1172.75, subdivision (d) is reviewed for abuse of discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856.) Under an abuse of discretion standard, " 'we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious.' " (*People v. Clancey* (2013) 56 Cal.4th 562, 578 (*Clancey*).) " ' "The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

A trial court abuses its discretion when it bases its decision on impermissible factors or on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.) " 'The question of whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law [citation] requiring de novo review.' " (*In re*

*Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 116.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) " 'A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid.*; *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) "In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez*, at p. 1391; *Belmontes*, at p. 348, fn. 8.)

However, remand for resentencing is not required if the record demonstrates the trial court was aware of its sentencing discretion or if the record is silent concerning whether the court misunderstood its sentencing discretion. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228–1229.) "Error may not be presumed from a silent record." (*Id.* at p. 1229.) " ' "[A] trial court is presumed to have been aware of and followed the applicable law." ' " (*Ibid.*)

**C. Analysis**

Upon review of the record, we conclude defendant fails to demonstrate the trial court applied an incorrect legal standard, misunderstood the scope of its resentencing authority, or otherwise abused its discretion in resentencing defendant. The record shows the court was aware of and understood the scope of its resentencing discretion when it recalled defendant's sentence and resentenced him pursuant to section 1172.75. Further, the record shows the court conducted a full resentencing, weighed relevant circumstances and considered the proper standards in exercising its discretion.

We begin by acknowledging the trial court complied with the procedures set forth in section 1172.75, subdivisions (a) and (c). Upon receiving information from CDCR, "the sentencing court must 'review the judgment and verify that the current judgment

9.

includes a [now-invalid] sentencing enhancement' " regardless of whether they were stayed or executed. (*People v. Rhodius*, *supra*, 17 Cal.5th at pp. 1055, 1065.) "If the court determines that the current judgment includes [a now-invalid] enhancement … the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c); see *Rhodius*, at p. 1055.) Here, the court acknowledged defendant's stayed prior prison term enhancement for burglary was no longer valid under section 667.5, subdivision (b).

Once the trial court determined defendant's prison prior was no longer valid, it expressly recalled defendant's sentence and concluded defendant was eligible for full resentencing. It stated in its written order, "[defendant] is entitled to reconsideration of all aspects of his sentence, and the court should also exercise discretion whether to apply any ameliorative changes to the law since his initial sentencing." The court acknowledged defendant sought not only to have his invalid prison prior dismissed, but for the court to also "exercise its discretion to remove any enhancements to his sentence, and to also consider granting relief from his indeterminate sentence by striking his strike priors." Therefore, the record shows the court was aware that the scope of its discretion required a full resentencing of defendant.

Substantial evidence in the record demonstrates the trial court understood the scope of its resentencing authority. The record shows the court was aware it was conducting a full resentencing when it explained defendant was entitled to "reconsideration of all aspects of his sentence" and that the court should "exercise discretion whether to apply any ameliorative changes to the law since his initial sentencing." Full resentencing was further demonstrated by the court's weighing and considering of defendant's mitigating and aggravating circumstances in deciding whether to further reduce his sentence. In weighing mitigating circumstances, the court commended defendant for his programming efforts, noting he is making efforts to address his substance abuse and mental health concerns. It read from a positive 2019 psychologist report that showed defendant's excellent performance, willingness and

10.

motivation to learn, his consistent demonstration of cooperation and respect, and high probability for successful parole. The court also pointed to defendant's high commendations on his performance and work ethic, which "demonstrate[d] encouraging progress towards rehabilitation."

However, the trial court felt the aggravating circumstances weighed more heavily against defendant than the mitigating circumstances. Defendant had rules violations that included two fights, in which defendant was observed "exchanging blows with the other participant." Defendant also had a recent 2023 rules violation for possession of a dangerous manufactured weapon while incarcerated, which was discovered hidden in the lining of defendant's jacket. Defendant admitted the weapon was for self-defense, but at the resentencing hearing, recanted and told the court the jacket belonged to his cellmate.

The trial court then weighed and analyzed the mitigating and aggravating circumstances specifically in light of sections 1172.75 and 1385. Under section 1172.75, subdivision (d)(l), resentencing shall result in a lesser sentence " 'unless the court finds *by clear and convincing evidence* that imposing a lesser sentence would endanger public safety.' " (See also *People v. Superior Court* (*Guevara*), *supra*, 18 Cal.5th at p. 852 [public safety determination of section 1170.126 applicable at a section 1172.75 resentencing].) Here, the court considered and acknowledged defendant's mitigating circumstances, but found defendant's criminal history, which included "crimes of violence, sexual violence, and threats of violence," his poor performance on parole, and his rules violations were such that defendant showed a "continuing danger to public safety." The court was particularly concerned about defendant's recent weapon violation, which involved efforts to manufacture and then conceal the weapon, and showed defendant's willingness to use deadly force. Therefore, the record clearly demonstrates the court conducted a full reconsideration of defendant's remaining enhancements under section 1170.75, but denied any further relief based on clear and convincing evidence that doing so would "endanger public safety and would not further the interests of justice."

11.

(*Guevara,* at p. 852.)  Substantial evidence supports the court's finding.  Therefore, the court's decision not to dismiss any enhancements under section 1172.75, was neither arbitrary nor capricious.  (See *Clancey*, *supra*, 56 Cal.4th at p. 578.)

The trial court also acknowledged "section 1385 commands a court to give great weight to certain factors favoring dismissal, unless doing so would endanger public safety."  Under section 1385, subdivision (c), " '[p]roof of the presence of one or more of' [citation] the mitigating circumstances ' "*weighs greatly* in favor of the enhancement … *unless* the court finds that dismissal of the enhancement would endanger public safety." ' " (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted Apr. 12, 2023, S278894, review dism. Oct. 23, 2024; § 1385, subd.(c)(2).)  The court must also find that any dismissal under section 1385, subdivision (c) is in "the furtherance of justice."  (§ 1385, subd. (c)(1); see *People v. Mazur* (2023) 97 Cal.App.5th 438, 446, review granted Feb. 14, 2024, S283229, review dism. Oct. 23, 2024.)  The court relied on the same mitigating and aggravating circumstance analysis to find that dismissal of any additional enhancements would endanger public safety and would not further the interests of justice.  As discussed above, substantial evidence supports the court's finding and its decision not to dismiss any additional enhancements under section 1385 was not irrational or arbitrary.

Additionally, the record shows the trial court considered defendant's strike convictions in its resentencing decisions.  The parties raised the *Romero* motion to strike defendant's strikes through their briefing and during oral argument at the resentencing hearing.  In its order, the court acknowledged defendant asked the court to strike his strike convictions, but in its discretion, declined to do so.  The court did not specifically explain its reasons for not striking any of defendant's strike convictions, but the court is not required to provide a statement of reasons for denying a *Romero* motion.  (*In re Coley* (2012) 55 Cal.4th 524, 560.)  "Absent evidence to the contrary, we presume that the trial court knew the law and followed it."  (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.)

12.

Based on the briefing and oral discussions regarding the strikes, the record shows that the court was aware of the law regarding its discretion to strike defendant's prior strikes.

Moreover, substantial evidence in the record supports the court's decision not to strike any of defendant's prior strikes. In ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law pursuant to section 1385, subdivision (a), the court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Here, defendant's extensive criminal history and continued rules violations while incarcerated, particularly the recent weapon violation, supports the court's determination that defendant did not fall outside the spirit of the Three Strikes law.

In conclusion, it is clear from the record that the trial court did conduct a full resentencing and had a correct understanding of the scope of its discretion. There is no evidence the court applied an incorrect legal standard while resentencing defendant or otherwise misunderstood its discretion. Further, substantial evidence supports the court's decision not to dismiss any additional enhancements or strike any strike convictions. Therefore, defendant fails to demonstrate the court's decision was irrational or arbitrary and thus fails to show that the court abused its discretion. (See *Clancey*, *supra*, 56 Cal.4th at p. 578.)

Defendant's arguments do not change our opinion. His contention that the trial court misconstrued its discretion is without support. Defendant claims the court erred when it treated his section 1172.75 resentencing like a section 1170.126 resentencing and treated "dangerousness" like a global veto to resentencing. This claim is wholly unsupported as the record shows the court recalled defendant's sentence, conducted a full

resentencing, and reconsidered defendant's sentencing enhancements and strike convictions. Nor does the record support defendant's claim that the court approached resentencing under section 1172.75 through a "Proposition 36 lens." To the contrary, the court was very clear that the two petitions were completely separate and took the time to explain that it need not be concerned with section 1170.126 because the statute did not apply to defendant since his committing offenses were "strikes," which qualified him for indeterminate sentencing despite the changes in the law.

Moreover, defendant's claim that the trial court misapplied the public safety clause in section 1172.75, subdivision (d)(1) and treated it as a global veto to avoid resentencing defendant lacks substantiation. There is no evidence the court avoided resentencing defendant. Instead, the record shows the court recalled defendant's sentence and conducted a full resentencing by weighing mitigating and aggravating circumstances which led the court to conclude defendant represented a danger to public safety. Section 1172.75, subdivision (d)(1) gives courts the discretion *in its resentencing* to not impose a lesser sentence if the court finds by clear and convincing evidence that doing so would endanger public safety. (See § 1172.75, subd. (d)(1); see e.g., *People v. Garcia*, *supra*, 101 Cal.App.5th at pp. 857–858 [court did not abuse its discretion finding that a lesser sentence would endanger public safety under section 1172.75, subd. (d)(1)].)

We are not persuaded by defendant's use of select portions from the record, taken out of context, to argue the trial court did not treat the proceeding as a full resentencing. Defendant points to when the court struck his one invalid prior prison term enhancement and stated the order "has no effect on the defendant's original sentence."[5] The full quote states, "[t]his order has no effect on the defendant's original sentence, therefore, the [c]ourt need not consider whether dismissing this prior endangers public safety. This

---

[5]     We note that defendant in his reply, acknowledged that he erroneously quoted phrases in his opening brief which were not actually direct quotes from the trial court's written order. As such we need not address the erroneous quotes.

14.

limited relief does, however, make [defendant] eligible for resentencing." The court appears to be addressing the prosecution's concern about whether Senate Bill 483 unlawfully amended the voter initiative codified in section 170.126. The court explained that this was not an issue because section 1170.126 did not apply to defendant. When read in context, it is clear the court was not denying defendant full resentencing.

Defendant also relied on the following select portion of the trial court's order that " 'no further resentencing relief [would be] granted' " to argue the court used its public safety finding to deny him resentencing. Defendant takes this partial quote from the court's final order which states in full: "[Defendant's] sentence is recalled. The [section 667.5, subdivision (b)] prior … [is] stricken as it is unlawfully imposed. No further resentencing relief is granted." Defendant's attempt to take select words to argue the court did not actually resentence defendant is not compelling in light of a record that demonstrates otherwise.

We reject defendant's argument that the trial court misused postconviction factors under section 1172.75, subdivision (d)(3) to determine whether "defendant will be resentenced at all." Subdivision (d)(3) of section 1172.75 states that a court "may" consider postconviction factors, which includes, but is not limited to, "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence." The court was aware of these postconviction factors since they were brought to the court's attention in both parties' resentencing briefs, which identified mitigating circumstances regarding defendant's life history and programming while incarcerated. Additionally, the court's remarks in its written order commending defendant for his programming and efforts to address his substance abuse and mental health demonstrate it was aware of the postconviction factors that benefitted defendant. Regardless, the court in its discretion felt defendant's postconviction factors were outweighed by his rules violations. Contrary to defendant's

15.

assertion, there is nothing in the record showing the court used these factors to decide not to resentence defendant at all.

Further, there is no evidence the trial court improperly "treated [defendant's waiver of his parole hearing] as evidence [defendant] was not yet suitable for any sentencing relief" rather than consider it as part of the positive rehabilitative postconviction factors under section 1172.75, subdivision (d)(3). While defendant's waiver was discussed at the resentencing hearing, the court considered that information to be a positive factor for defendant. The court stated it was not holding that against defendant, but found that it showed "insight and a need to take responsibility for his actions." The court was "wholeheartedly, a hundred percent, approving that effort." Therefore, there is no evidence the court misapplied defendant's waiver of parole to find him unsuitable for resentencing.

Last, defendant's complaint that the "the trial court never evaluated whether to strike section [667, subdivision (a)] enhancements under Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393), impose a lower or middle term under Senate Bill No. 567 (2021–2022 Reg. Sess.), or apply Assembly Bill No. 124's (2021–2022 Reg. Sess.) mitigation provisions" fails to demonstrate the court abused its discretion. Parties are required to raise certain issues at sentencing, including specific changes in the law they want the court to address at resentencing. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 465.) The lack of a timely and meaningful objection results in forfeiture of the claim. (See *People v. Scott* (1994) 9 Cal.4th 331, 352–353 [lack of objection forfeits claims regarding court's discretionary sentencing choices or failure to state reasons].) Here, defendant failed to specifically request the court to consider relief under either Senate Bill No. 567 or Assembly Bill No. 124 in his resentencing brief or during the resentencing hearing and therefore, failed to preserve this claim for appeal. (See *Brannon-Thompson,* at p. 465.) Defendant did request resentencing under Senate Bill 1393, asking the court to strike his two 5-year section 667, subdivision (a)

enhancements. Therefore, even though the court did not specifically say on the record that it considered dismissing defendant's five-year enhancements under Senate Bill 1393, it was aware of defendant's request and its discretion to apply any ameliorative changes in the law under section 1172.75, subdivision (d)(2). Error may not be presumed because the court did not specify all the ameliorative laws it considered. (See *People v. Brown*, *supra*, 147 Cal.App.4th at p. 1229 [error may not be presumed from a silent record].) Absent evidence to the contrary, we presume the court was aware of the law, including its discretion to dismiss defendant's five-year enhancements pursuant to Senate Bill 1393. (*Brown*, at p. 1229.)

## DISPOSITION

We affirm the judgment.